THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JODELL STEELE,<br><br>                   Plaintiff,<br><br>v.<br><br>AARON LANCASTER, TYSON HUNTINGTON, CLARENCE SMITH, DILLON KEELE, CONAE BLACK, and DAVID WILSON<br><br>                   Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE DISMISSAL AND REINSTATE CIVIL CASE**<br><br>Case No. 4:24-cv-00074-DN<br><br>District Judge David Nuffer |

      Plaintiff JoDell Steele filed a *pro se* motion seeking to vacate this case's dismissal and to reinstate the Complaint ("Motion").[1] Because Plaintiff fails to provide a sufficient factual or legal basis for the requested relief, the Motion is DENIED.

# 1 DISCUSSION

      Plaintiff initiated this case on August 29, 2024.[2] Defendant subsequently filed motions on February 12, 2025, and March 4, 2025, seeking judgment on the pleadings.[3] Plaintiff failed to timely respond to Defendants' motions, and on April 9, 2025, an order issued requiring Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute.[4] Plaintiff failed to respond to the Order to Show Cause, and the case was dismissed without prejudice on

---

[1] Motion to Vacate Dismissal and Reinstate Civil Case ("Motion"), docket no. 34, filed May 8, 2025.

[2] Complaint, docket no. 1, filed Aug. 29, 2024.

[3] Emery County Defendants' Motion for Judgment on the Pleadings, docket no. 26, filed Feb. 12, 2025; Defendants Conae Black's and David Wilson's Motion for Judgment on the Pleadings, docket no. 27, filed Mar. 4, 2025.

[4] Order to Show Cause, docket no. 30, filed Apr. 9, 2025.

April 28, 2025, for Plaintiff's failure to prosecute.[5] Ten days later, on May 8, 2025, Plaintiff filed a Motion seeking to vacate the case's dismissal and to reinstate the Complaint.[6]

Plaintiff's Motion seeks relief under Federal Rule of Civil Procedure 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect."[7] Setting aside a judgment under Rule 60(b) "'is an extraordinary procedure' which 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts.'"[8] Plaintiff as "the movant has the burden to plead and prove justifiable grounds for relief permitted by the rule, and the existence of a meritorious defense."[9]

Relief may be granted for Rule 60(b)(1) "when the party has made an excusable litigation mistake[.]"[10] Excusable neglect is a companion to mistake as a possible basis for relief under Rule 60(b)(1), and "is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence."[11] This includes "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."[12]

---

[5] Order of Dismissal Without Prejudice, docket no. 32, filed Apr. 28, 2025; Judgment in a Civil Case, docket no. 33, filed Apr. 28, 2025.

[6] Motion.

[7] *Id*. at 2; FED. R. CIV. P. 60(b)(1).

[8] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Cessna Fin. Corp.*, 715 F.2d 1442, 1444 (10th Cir. 1983)) (emphasis in original).

[9] *Sprint Spectrum, L.P. v. Mega PC & Communications, Inc.*, 2006 WL 1794757, *2 (D. Kan. June 16, 2006); *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

[10] *Yapp v. Excel Corp.*, 186 F.3d 1222 (10th Cir. 1999).

[11] *Jennings*, 394 F.3d at 856 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993)).

[12] *Pioneer Inv. Servs. Co.*, 507 U.S. at 388 (quoting *Webster's Ninth New Collegiate Dictionary* 791 (1983)) (emphasis omitted).

The factors for determining whether neglect may be excusable include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[13] Thus, the determination of whether to excuse a careless, neglectful omission, is essentially an "equitable one, taking account of all circumstances surrounding the party's omission."[14]

"Deliberate and counseled decision[s]" are not considered excusable mistakes, inadvertence, or neglect.[15] Further, a party's deliberate acts which result in negative consequences cannot be undone simply because the party "misunderstands or fails to predict the legal consequences" of those deliberate acts.[16] "Nor does pro se status excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."[17] "Relief under 60(b)(1) . . . cannot be obtained unless the party makes 'some showing of why [the party] was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the laws.'"[18]

Plaintiff asserts: "[I] just [f]iled [an] opposition to motion to [d]ismiss (Defendants) and scheduled the depositions with opposing counsel, to see the case was dismissed. I have been on top of this the whole time, just wondering why – [p]lease [r]einstate."[19] Plaintiffs assertions are

---

[13] *Jennings*, 394 F.3d at 856 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

[14] *Pioneer Inv. Servs. Co.,* 507 U.S. at 395.

[15] *Yapp*, 186 F.3d 1222.

[16] *Id.*

[17] *In re Monge*, No. 19-10475-T11, 2020 WL 1649616 (Bankr. D.N.M. Apr. 2, 2020) (citations and punctuation omitted).

[18] *Cassey*, 1994 WL 395902, *2. (citing 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858 at 170 (1973)).

[19] *Id*. Plaintiff also asserts: "the consent for using the magistrate judge I sent and court didn't have I did [n]ot consent to the magistrate [j]udge." *Id*. However, this is inconsequential. The record reflects that the case was originally assigned to a magistrate judge. Notice of Presiding Magistrate Judge Assignment, docket no. 2, filed Aug.

not supported by the record; do not address Plaintiff's failure to respond to the Order to Show Cause; and do not identify any mistake, inadvertence, surprise, or excusable neglect to justify vacating the case's dismissal.

The record reflects that Plaintiff never filed a response to Defendants' motions for judgment on the pleadings. But even accepting Plaintiff's assertion that a response to Defendants' motions was "just [f]iled" when Plaintiff saw the case was dismissed,[20] the response would have been filed sometime in late-April or early-May 2025. This would have made the response untimely by over a month. Plaintiff offers no explanation or justification for this delay. Nor did Plaintiff ever file a motion seeking an extension of time to respond to Defendants' motions.

Plaintiff also does not assert any lack of notice regarding Defendants' motions or the Order to Show Cause. Had Plaintiff been "on top of this the whole time,"[21] as asserted, Plaintiff would have and should have been aware of these filings. But Plaintiff offers no explanation for why responses were not filed. Plaintiff offers no facts demonstrating or suggesting any reasonable diligence on Plaintiff's part in attempting to timely respond to Defendants' motions and the Order to Show Cause, or in prosecuting the case. And Plaintiff offers no legal authority, facts, or argument demonstrating or suggesting that responses to Defendants' motions and the Order to Show Cause could have been meritorious. Therefore, Plaintiff fails to provide a sufficient factual or legal basis to vacate the case's dismissal and reinstate the Complaint.

---

29, 2024. But following the receipt of Plaintiff's non-consent to the magistrate judge, the case was reassigned to a district court judge, and then referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(B). Notice of Non-Consent, docket no. 12, filed Sept. 20, 2024. Therefore, the magistrate judge had authority to issue the Order to Show Cause. And regardless, the case was dismissed without prejudice by the district court judge. Order of Dismissal Without Prejudice; Judgment in a Civil Case.

[20] Motion at 2.

[21] *Id.*

## 2 ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[22] is DENIED.

Signed September 3, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[22] Docket no. 34, filed May 8, 2025.